UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEIGH WAMPLER,

                Petitioner,         Crim. No. 09-20190
vs.                                           Civ. No.   16-12316
                                                  Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Respondent.
_____/

ORDER GRANTING GOVERNMENT'S MOTION
TO STAY LITIGATION PENDING SUPREME COURT DECISION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on July 14, 2016

PRESENT:  Honorable Gerald E. Rosen
                      United States District Judge

Christopher Leigh Wampler pled guilty to one count of Felon in Possession of a Firearm, 18 U.S.C. 922(g)(1). He was sentenced on January 14, 2010 to a term of 110 months, pursuant to the Firearms Guideline, U.S.S.G. § 2K2.1. This Guideline provides for an increased offense level based on prior convictions of a "crime of violence," defined under the Career Offender Guidelines, U.S.S.G. § 4B1.2 (a). Wampler's offense level was increased based on two such prior convictions:  two 2002 convictions for assault with a dangerous weapon, also known as felonious assault.

Wampler now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, based

1

upon the United States Supreme Court's decision in *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015), vacating the residual clause of the Armed Career Criminal Act (the "ACCA") as being void for vagueness, the Court's recent decision in *Welch v United States*, __U.S.__, 2016 WL 1551144 (2016), which made *Johnson* retroactively applicable to cases on collateral review, and the Sixth Circuit's recent decision in *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016), extending *Johnson*'s ACCA ruling to the Career Offender Guideline's definition of "crime of violence" under § 4B1.2 (a). ("Our reading of the current state of the law as established by the Supreme Court compels our holding that the rationale of *Johnson* applies equally to the residual clause of the Guidelines. Accordingly, we hold that the residual clause of U.S.S.G. § 4B1.2 (a) is unconstitutionally vague.").

The correctness of the Sixth Circuit's *Pawlak* decision will be determined soon by the Supreme Court. The Supreme Court has granted a petition for a writ of certiorari in *Beckles v. United States,* No. 15-8544, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016), to decide:

> (1) whether the holding of *Johnson v. United States*, 135 S. Ct. 2551(2015), applies to the residual clause of the career offender guideline, USSG § 4B1.2(a)(2);
>
> (2) if so, whether *Johnson*'s invalidation of the residual clause of the career offender guideline applies retroactively on collateral review; and
>
> (3) whether possession of a sawed-off shotgun—which is identified as a "crime of violence" in the guidelines commentary—remains a "crime of violence" after *Johnson*.

A decision can be expected sometime between January 2017 and the end of the Supreme Court's term in June 2017.

Whether Wampler's claim for § 2255 relief is cognizable will be determined by the Supreme Court in *Beckles*. The Government, therefore, moves for a stay of further litigation pending the Supreme Court's ruling. The Government contends that this Court should not devote the resources necessary to decide the difficult legal issues involved in the retroactivity analysis or in the determination of whether individual predicate offenses satisfy guidelines definitions of crimes of violence while *Beckles* is pending. The Court agrees.

Therefore,

IT IS HEREBY ORDERED that further litigation in this § 2255 matter are STAYED pending the Supreme Court's decision in *Beckles*. Once a decision in *Beckles* is issued, the Court will issue a further briefing order.

s/Gerald E. Rosen
United States District Judge

Dated: July 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135